IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| MARY E. DANLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-5129-CV-SW-SWH-SSA |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is Defendant's Motion to Reverse and Remand With Suggestions in Support (doc. # 7). Defendant requests that the Court remand this action pursuant to sentence six of 42 U.S.C. § 405(g). Defendant indicates that upon receipt of the remand order:

> the Appeals Council will remand this case to the administrative law judge (ALJ) who will be directed to: analyze all the medical evidence; analyze all the medical opinions of record and explain the weight accorded to each; perform a proper analysis of the severity of Plaintiff's mental impairments; analyze the credibility of Plaintiff's testimony and allegations before determining the severity of her impairments; and if the ALJ determines that plaintiff is disabled, he will discuss the materiality of claimant's alcohol abuse to the disability.

(Defendant's Motion to Reverse and Remand at 1-2)

Sentence six of 42 U.S.C. § 405(g) provides in part:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding ...

Plaintiff opposes a remand under sentence six arguing that the motion fails to establish "good cause" for the remand. Further, plaintiff opposes a remand and requests a decision on the merits from this Court based in part on the length of time this case has been pending. Plaintiff initially filed her application for disability benefits on December 9, 2002. Plaintiff alleges that her case was pending before the ALJ for more than a year, i.e. that the ALJ held a hearing on May 27, 2004, and issued a decision on August 4, 2004. The Appeals Council summarily denied the appeal on October 8, 2004.

Section 405(g) which governs judicial review of final social security decisions authorizes only two types of remands: those pursuant to sentence four and sentence six. See Melkonyan v. Sullivan, 501 U.S. 89, 99-100 (1991). In a sentence six remand, the court "does not affirm, modify, or reverse the [Commissioner's] decision; it does not rule in any way as to the correctness of the administrative determination." Id. at 98.

When a plaintiff seeks a sentence six remand for the purpose of introducing new evidence, courts have uniformly held that the "good cause" requirement necessitates some showing as to why the evidence was not initially offered. See e.g. Schaal v. Apfel, 134 F.3d 496, 505-06 (2nd Cir. 1998); Willis v. Secretary of Health & Human Servs., 727 F.2d 551, 554 (6th Cir. 1984). Government counsel has stated that this is not a case in which remand is sought for the purpose of introducing new evidence. In fact, as explained by government counsel, all of the issues to be addressed on remand involve legal issues.

Even where the motion to remand is filed by the Commissioner before answering the complaint, the language of the statute is permissive, not mandatory, as the statute requires good cause for a remand. In this case, there has been no contention that the legal standards have changed

2

since the ALJ's decision or that any of the issues involved novel questions that were previously unresolved. It is unclear whether the issues which the defendant states will be addressed on remand were actually discussed by the ALJ or whether government counsel simply believes the ALJ's analysis could be improved on remand.

No explanation has been provided that establishes good cause for remanding a case without a decision on the merits after the application has been pending for more than two years. The fact that defense counsel now believes that the ALJ committed error in his analysis, an argument the Appeal Council previously rejected, does not demonstrate good cause for delaying a decision on the merits. Accordingly, it is

ORDERED that Defendant's Motion to Reverse and Remand (doc. # 7) is denied. It is further

ORDERED that defendant is directed to file an answer within 10 days of the date of this Order.

>                    /s/ *Sarah W. Hays*
>                   SARAH W. HAYS
>          UNITED STATES MAGISTRATE JUDGE